73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Velma BURNETTE, Plaintiff-Appellant,
v.
LOCKHEED MISSILES & SPACE COMPANY, INC.; Lockheed
Corporation; Robert Godshall, Defendants-Appellees.
 No. 94-15984.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 16, 1995.
Decided Dec. 27, 1995.
 
 Before: NORRIS, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Burnette argues that the district court improperly granted summary judgment on her assault and battery claim. We disagree. An employee is precluded from receiving tort damages for job connected injuries if he or she is unable to prove the employer or co-employee acted with a specific intent to injure her. Soares v. City of Oakland, 9 Cal.App.4th 1822, 1828-29 (1992). Fermino v. Fedco, 7 Cal.4th 701 (1994), does not alter this requirement because assault and battery without a specific intent to injure is not beyond the boundaries of the compensation bargain. See id. at 714 (intent to injure is not required for "certain types of intentional employer conduct which bring the employer beyond the boundaries of the compensation bargain...."). The district court properly found that no triable issue of fact existed on the issue of Godshall's intent because Burnette's own testimony indicated that the bump occurred because she ran into Godshall, not because he struck her.
 
 
 3
 Burnette contends the district court erred by granting summary judgment on her gross negligence claim against Lockheed. No error was committed because Burnette's claim is preempted by California Labor Code Sec. 3600(a) which provides that workers' compensation is the exclusive remedy for all workplace injuries resulting from negligence.
 
 
 4
 The district court did not err by granting summary judgment on Burnette's conspiracy claim. "Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort." Allied Equipment Corp. v. Litton Saudi Arabia, Ltd., 7 Cal.4th 503, 511 (1994). Because we affirm the district court's grant of summary judgment on all of Burnette's tort claims, she may not recover for conspiracy.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3